# EXHIBIT A

## Mike Cavanaugh

**From:** Lamont Satchel <satchel@hallmakled.com>
**Sent:** Wednesday, May 15, 2019 2:49 PM
**To:** Mike Cavanaugh
**Subject:** Re: Berry v CMU, et al. - Request for Concurrence in Motions

Mike,

My client cannot concur in the motions.

Thanks,
Lamont

On Tue, May 14, 2019 at 5:19 PM Mike Cavanaugh <mcavanaugh@fraserlawfirm.com> wrote:

> Good afternoon Lamont,
>
> You were going to get back to me by the end of business yesterday. Have you and your client reached a decision on my request for the Plaintiff's concurrence in the motions I sent you?
>
> Please contact me.
>
> Thank you.
>
> Mike
>
>
> **From:** Lamont Satchel <satchel@hallmakled.com>
> **Sent:** Friday, May 3, 2019 7:51 AM
> **To:** Mike Cavanaugh <mcavanaugh@fraserlawfirm.com>
> **Subject:** Re: Berry v CMU, et al. - Request for Concurrence in Motions
>
>
> Mike,
>
>
> I can agree to the extension to May 17.
>
>
> Thanks,
>
> Lamont

1

On Thu, May 2, 2019 at 2:14 PM Mike Cavanaugh <mcavanaugh@fraserlawfirm.com> wrote:

Satchel,

I selected May 8 as the date for your response to my request for concurrence because you and I had agreed that the date for the defendants' answer or other responsive pleadings would be May 10.

I am fine with extending the time for you to respond to May 13, if we can agree that the date for the defendants to file their answers or other responsive pleadings is extended to May 17.

Is that agreeable to you?

Assuming that we do extend to the date for you to respond, I respectfully ask that you review the cases cited in the briefs we sent you. I think you will find that plaintiffs just do not win when they sue medically schools that have dismissed them. Courts just will not second guess professors and administrators who dismiss a student for academic reasons. This is especially true when the school involved is a medical school. The health and safety of the public is involved in medical school cases.

Mike

**From:** Lamont Satchel <satchel@hallmakled.com>
**Sent:** Wednesday, May 1, 2019 7:44 PM
**To:** Mike Cavanaugh <mcavanaugh@fraserlawfirm.com>
**Subject:** Re: Berry v CMU, et al. - Request for Concurrence in Motions

Mike,

I would like the opportunity to review your motions and subsequently meet with Mr. Berry. Unfortunately, I won't be able to provide a response until Monday, May 13, 2019. I would appreciate an extension until then.

Thank you,

Lamont

On Tue, Apr 30, 2019 at 3:08 PM Mike Cavanaugh <mcavanaugh@fraserlawfirm.com> wrote:

Dear Mr. Satchel,

2

On behalf of all of the Defendants who have been served, I will be filing six motions consisting of five motions to dismiss and one motion for a more definite statement. I am writing to you today to seek your concurrence in the relief sought by these motions. I request a response to this request for concurrence by the end of business on Monday, May 6. We will plan to file our motions on or about May 8, 2019. I will be happy to discuss these motions with you at your convenience. The six motions and briefs are attached.

The following is a brief description of the six motions:

1.) **Motion to Dismiss Howell, Slenski and Kikano** This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). The motion and brief point out that there are no allegations in the complaint with regard to any of these three Defendants, so they should be dismissed as parties from the lawsuit.

2.) **Motion to Dismiss Rossignol, Alan and Petersen** This motion is brought pursuant to Fed. R. Civ. P. 12(b)(6). The motion and brief point out that the complaint alleges only that these Defendants participated in a few of the academic decisions that impacted Plaintiff. However, there are no allegations of fact in the complaint to suggest that their academic decisions deviated from accepted norms or that the decisions otherwise deprived Plaintiff of due process. The motion requests that these three Defendants be dismissed as parties from the lawsuit.

3.) **Motion to Dismiss Thompson** This motion and brief point out that the complaint alleges only the defamation claim against Dr. Thompson because, while acting on Plaintiff's request, she sent a letter to the University of Medicine & Health Science after Plaintiff withdrew from CMU's College of Medicine. Dr. Thompson had an absolute privilege with regard to the letter, so the defamation claim should be dismissed, and she should be dismissed as a party pursuant to Fed. R. Civ. P. 12(b)(6).

4.) **Motion to Dismiss CMU** This motion and brief seek to dismiss a number of claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) given that CMU has immunity under the Eleventh Amendment. The motion is a partial motion to dismiss. The motion also seeks to dismiss the non-entity "Central Michigan University Medical School."

5.) **Motion to Dismiss DeSantis, Griffin, Perkowski, and Spencer**. This motion seeks to dismiss the following state-law claims: Intentional Infliction of Emotional Distress, Gross Negligence, and Fraudulent Misrepresentation.

6.) **Motion for More Definite Statement (CMU, DeSantis, Griffin, Perkowski, and Spencer)** The complaint repeatedly alleges that various Defendants violated unidentified, policies, procedures, guidelines and rules, and also frequently makes allegations against "Defendants" (plural) without

indicating which particular Defendants the allegation is directed to. This motion seeks a court order requiring a more definite statement of the claims.

The motions cover all of the Defendants who have been served.

Please let me know your response to our request for concurrence by the end of business on Monday, May 6, 2019.

Thank you.

Mike Cavanaugh



**Michael E. Cavanaugh** | Shareholder | Fraser Trebilcock

p: 517.377.0812  f: 517.482.0887

a: 124 W. Allegan Street, Suite 1000 Lansing, MI 48933

w: fraserlawfirm.com



This e-mail and any attachments ("this message") are CONFIDENTIAL and may be protected by one or more legal privileges. This message is intended solely for the use of the addressee identified above. If you are not the intended recipient, any use, disclosure, copying or distribution of this message is UNAUTHORIZED. Nothing in this message or the typed name of the sender is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.

--

**Lamont Satchel, Esq.**

Hall Makled, P.C.

23756 Michigan Ave., Ste. 300

Dearborn, MI 48124

313-582-7930 (Office)

313-582-7962 (Fax)

313-498-2214 (Cell)

--

**Lamont Satchel, Esq.**

Hall Makled, P.C.

23756 Michigan Ave., Ste. 300

Dearborn, MI 48124

313-582-7930 (Office)

313-582-7962 (Fax)

313-498-2214 (Cell)

--

**Lamont Satchel, Esq.**
Hall Makled, P.C.
23756 Michigan Ave., Ste. 300
Dearborn, MI 48124
313-582-7930 (Office)
313-582-7962 (Fax)
313-498-2214 (Cell)