UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**VINCENT BERRY**,

    Plaintiff,

v

**CENTRAL MICHIGAN UNIVERSITY,
CENTRAL MICHIGAN UNIVERSITY
MEDICAL SCHOOL, MARK DESANTIS,
MARIE C. MATTE, BRIAN SLENSKI,
TINA THOMPSON, LINDA PERKOWSKI,
DANIEL GRIFFIN, MARC SPENCER, JAMIE
ALAN, ROBERT PETERSON, JULLIEN
ROSSIGNOL, SANDRA HOWELL,** and
**GEORGE KIKANO**,

    Defendants.

Case No. 2:19-cv-10306-TGB-SDD

Hon.   Terrence G. Berg
Magistrate Judge Stephanie Dawkins Davis

---

| | |
|---|---|
| Cyril C. Hall (P29121) | Michael E. Cavanaugh (P11744) |
| Lamont D. Satchel (P52647) | Ryan K. Kauffman (P65357) |
| Hall Makled, P.C. | Fraser Trebilcock Davis & Dunlap, P.C. |
| At0torneys for Plaintiff | Attorneys for Defendants |
| 23756 Michigan Avenue | 124 W. Allegan, Suite 1000 |
| Suite 300 | Lansing, MI  48933 |
| Dearborn, MI 48124 | (517) 482-5800 |
| (313) 788-8888 | mcavanaugh@fraserlawfirm.com |
| Cyrilhalllaw@sbcglobal.net | rkauffman@fraserlawfirm.com |
| satchel@hallmakled.com | |

---

## DEFENDANT THOMPSON'S MOTION TO DISMISS

NOW COMES Defendant Dr. Tina Thompson, by and through her attorneys

Fraser Trebilcock Davis & Dunlap, P.C., and for her Motion to Dismiss pursuant to

Fed. R. Civ. P. 12(b)(6) states as follows:

1.      The Defendants in this matter have contemporaneously filed various motions to dismiss.   For a better understanding of these various motions, Dr. Thompson respectfully suggests that the Court begin by reviewing the motion to dismiss that has been filed by Defendants Howell, Slenski and Kikano, and that the Court then review the motion to dismiss that has been filed by Defendants Rossignol, Alan, and Petersen before reviewing the present motion.

2.      Pursuant to Fed. R. Civ. P. 12(b)(6), a party may assert by motion the defense that the plaintiff has failed to state a claim upon which relief can be granted.

3.      For the reasons discussed in greater detail in the brief supporting this motion, which are incorporated herein by reference, Plaintiff Vincent Berry has failed to state a claim against Dr. Thomson upon which relief can be granted. Accordingly, Dr. Thompson should be dismissed as a party from this lawsuit with prejudice.

4.      Defendant Thompson, through her undersigned attorney, conferred, primarily through e-mail communication during the period of April 30, 2019 through May 15, 2019, with Plaintiff's attorney to seek concurrence from Plaintiff's attorney in this motion as required by E.D. Mich. L.R. 7.1(a). However, after Defendant Thompson's attorney explained the nature of this motion, its legal basis, and the equitable relief sought, concurrence was denied.

WHEREFORE, Defendant Dr. Tina Thompson respectfully requests that this Honorable Court GRANT her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and enter an order that dismisses Count XII (Defamation) with prejudice and that further dismisses her from this lawsuit with prejudice.

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendants

Dated: May 16, 2019          By: */s/ Michael E. Cavanaugh*
                            Michael E. Cavanaugh (P11744)
                            Ryan K. Kauffman (P65357)

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Cyril Hall served electronically.

*/s/ Michael E. Cavanaugh*
Michael E. Cavanaugh (P11744)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VINCENT BERRY**,

     Plaintiff,

                             Case No. 2:19-cv-10306-TGB-SDD

v

                             Hon.   Terrence G. Berg

**CENTRAL MICHIGAN UNIVERSITY,**   Magistrate Judge Stephanie Dawkins Davis
**CENTRAL MICHIGAN UNIVERSITY**
**MEDICAL SCHOOL, MARK DESANTIS,**
**MARIE C. MATTE, BRIAN SLENSKI,**
**TINA THOMPSON, LINDA PERKOWSKI,**
**DANIEL GRIFFIN, MARC SPENCER, JAMIE**
**ALAN, ROBERT PETERSON, JULLIEN**
**ROSSIGNOL, SANDRA HOWELL,** and
**GEORGE KIKANO**,

     Defendants.

| | |
|---|---|
| Cyril C. Hall (P29121) | Michael E. Cavanaugh (P11744) |
| Lamont D. Satchel (P52647) | Ryan K. Kauffman (P65357) |
| Hall Makled, P.C. | Fraser Trebilcock Davis & Dunlap, P.C. |
| At0torneys for Plaintiff | Attorneys for Defendants |
| 23756 Michigan Avenue | 124 W. Allegan, Suite 1000 |
| Suite 300 | Lansing, MI  48933 |
| Dearborn, MI 48124 | (517) 482-5800 |
| (313) 788-8888 | mcavanaugh@fraserlawfirm.com |
| Cyrilhalllaw@sbcglobal.net | rkauffman@fraserlawfirm.com |
| satchel@hallmakled.com | |

# DEFENDANT THOMPSON'S BRIEF IN SUPPORT
# OF HER MOTION TO DISMISS

Fraser Trebilcock
LAWYERS

## <u>TABLE OF CONTENTS</u>

LIST OF AUTHORITIES......................................................................................... ii

STATEMENT OF FACTS .....................................................................................1

STANDARD OF REVIEW .....................................................................................4

LEGAL ARGUMENT..............................................................................................5

      A.     Plaintiff Fails to State a Claim for Defamation against Dr. Thompson. ............................................................................................5

      B.     Plaintiff Fails to State Any Other Claim against Dr. Thompson. .......11

CONCLUSION.......................................................................................................11

# LIST OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 566 U.S. 662; 129 S. Ct. 1937; 173 L.Ed.2d 868 (2009) .............4

*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007)...............................................................................................4, 9, 11

*Burden v. Elias Brothers Big Boy Restaurants*, 240 Mich. App. 723; 613 N.W.2d 378 (2000) ..........................................................................................10

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327 (6th Cir. 2007) ..............................................................................................................2

*Ireland v. Edwards*, 230 Mich. App. 607; 584 NW2d 607 (1998)..............5, 8, 9, 10

*Oesterle v. Wallace*, 272 Mich. App. 260; 725 N.W.2d 470, 474 (2006).............6, 7

*Romero v. Buhimschi*, 396 Fed. Appx. 224 (6th Cir. 2010) ......................................6

*Schechet v. Kesten*, 3 Mich. App. 126; 141 N.W.2d 641 (1966)...............................6

*Swierkiwica v. Sorema, N.A.*, 534 U.S. 506; 122 S.Ct 992 (2002)............................2

*Weiner v. Klais & Co.*, 108 F.3d 86 (6th Cir. 1997)..................................................2

**Statutes**

M.C.L. §600.2911(1) ................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................4, 11

**Other Authorities**

Restatement (Second) of Torts §583 ..........................................................................6

## STATEMENT OF FACTS

For the convenience of the Court and to avoid unnecessary repetition, Defendant Dr. Tina Thompson incorporates by reference the Statement of Facts provided in the Brief in Support of Motion to Dismiss that has been filed by Defendants Slenski, Howell, and Kikano.  In addition to those facts, Dr. Thompson adds the following information regarding the allegations that have been asserted against her.

The allegations regarding Dr. Thompson relate to Plaintiff's defamation claim (Count XII).  Plaintiff contends that after he withdrew from CMU's medical school program, he sought admission to the University of Medicine and Health Sciences, St. Kitts ("UMHS") and that "he requested a letter from Defendant Thompson to assist in his admission."  (PageID#87, ¶315).  Plaintiff claims the letter that Dr. Thompson submitted to UMHS contained false information and defamatory statements.  (PageID#88, ¶¶317, 319).

The letter that Dr. Thompson submitted to UMHS, along with Plaintiff's written request that she do so, are attached hereto as **Exhibits A** and **B**, respectively.  These documents, while not attached to Plaintiff's Complaint, may be considered by the Court in the context of Dr. Thomson's motion to dismiss.  Even when a document is not attached to the complaint, the Court may still consider it without converting the motion into one for summary judgment, where the document is referenced in the

1

complaint and integral to the plaintiff's claims.  *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied."  *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997), *overruled on other grounds by Swierkiwica v. Sorema, N.A.*, 534 U.S. 506; 122 S.Ct 992 (2002).

A review of the letter that Dr. Thompson sent to UMHS shows that in two short paragraphs, Dr. Thompson provided a brief and accurate summary of Plaintiff's matriculation through CMU's medical school program along with an explanation of his status as student.  (**Exhibit A**).  The first paragraph of Dr. Thompson's letter provided as follows:

> Mr. Vincent Berry has asked that I send you a letter summarizing his time at CMU College of Medicine.  Mr. Berry matriculated in August of 2015.  He successfully completed Year 1 course work (Foundational Science, Reproduction, Cardio/Pulmonary and Renal/Endocrine).  He was satisfactorily progressing in the 2-year longitudinal courses of Essentials of Clinical Skills, Art of Medicine and Society and Community) (**Exhibit A**).

All of those statements are consistent with allegations in the Complaint.  In the Complaint, Plaintiff alleges that he enrolled in CMU College of Medicine in August, 2015 (PageID#8, ¶36) that he successfully completed his Year 1 course work and that he was satisfactorily progressing in the two-year longitudinal courses. (PageID#10-14, ¶¶45-47, 52-56).

2

The second paragraph of Dr. Thompson's letter to UMHS was also unobjectionable.  In the first two sentences of the second paragraph of her letter, Dr. Thompson stated as follows:

> Mr. Berry struggled in Year 2 and failed the first two courses of the year (neuroscience/behavioral sciences and GI) resulting in the decision that he repeat Year 2.  Mr. Berry was put on leave of absence for the remainder of the year.  (**Exhibit A**).

Again, Plaintiff's own Complaint acknowledges that all of the above statements were true.  Plaintiff did fail the NBS and the GI courses in Year 2, which were the first two classes of that year.  (PageID#20-22 and 33, ¶¶77, 79, 83, 124).  Further, Plaintiff agrees that he was put on leave after the first semester of Year 2 for the remainder of the year.  (PageID#36 and 40, ¶¶136, 150).

The final two sentences of Dr. Thompson's letter are likewise not objectionable.  Those sentences are as follows:

> Mr. Berry continued to struggle upon his return in 2017.  He failed the neuroscience course a second time and was struggling in musculoskeletal/dermal when he decided to withdraw from the college before a final decision on his academic progress could be made.  (**Exhibit A**).

Consistent with these statements, Plaintiff admits in his Complaint that he failed NBS for a second time in the fall of 2017, after he returned to the medical school in an attempt to repeat his Year 2 courses.  (PageID#42, ¶158-159).  The Complaint even acknowledges that Plaintiff went on to fail the GI course for a

3

second time after he failed NBS for a second time (a fact that Dr. Thompson left out of her letter to UMHS) (PageID#48, ¶¶178).

The only minor error in Dr. Thompson's letter is that she stated that Plaintiff struggled in "musculoskeletal/dermal" before deciding to withdraw.  However, according to the Complaint, Plaintiff actually failed "hematology/oncology" in the spring of 2018, immediately before deciding to withdraw.  (PageID#51, ¶¶186-187). In other words, Dr. Thompson incorrectly identified the name of the course in which Plaintiff was struggling immediately before he withdrew from the program.  This one mistake in Dr. Thompson's letter to UMHS is the sole basis of Plaintiff's defamation claim.

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678; 129 S. Ct. 1937; 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544, 570; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007).  A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 566 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

4

(citation omitted).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense."  *Id*.  Where the well-pleaded facts do not permit the Court to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief.  *Id*. at 679.

## LEGAL ARGUMENT

### A.    Plaintiff Fails to State a Claim for Defamation against Dr. Thompson.

To establish a defamation claim, the plaintiff must show the following: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod).  *Ireland v. Edwards*, 230 Mich. App. 607, 614; 584 NW2d 607 (1998).

In the case at bar, the Complaint fails to plead these elements.  First, and foremost, Dr. Thompson's letter was **not** an "unprivileged" publication to a third party.  *Ireland*, 230 Mich. App. at 618.  Rather, Dr. Thompson had an absolute privilege in sending the letter to UMHS because Plaintiff specifically asked her to do so.  (PageID#87, ¶315; see also **Exhibit B**).  "Michigan courts have repeatedly recognized that a publication is absolutely privileged if the defamed party invited or

5

consented to the publication." *Romero v. Buhimschi*, 396 Fed. Appx. 224, 236 (6th Cir. 2010) (and cases cited therein).  An absolutely privileged communication is not subject to a defamation claim even if the statement was false or malicious.  *Oesterle v. Wallace*, 272 Mich. App. 260, 264; 725 N.W.2d 470, 474 (2006).

The position Michigan's courts take with regard to the absolute privilege for an invited publication is in accord with the Restatement (Second) of Torts §583, which provides that "the consent of another to the publication of defamatory matter concerning him is a complete defense to his action for defamation." *Id*.  The Restatement provides the following illustration:

> A, a school teacher, is summarily discharged by the school board. He demands that the reason for his dismissal be made public.  B, president of the board, publishes the reason.  A has consented to the publication though it turns out to be defamatory.

*Id.* §583, Ill. 2, p. 241.

In the case at bar, the allegations in the Complaint recognize that Plaintiff specifically asked Dr. Thompson to send the letter to UMHS.  (PageID#87, ¶315). As such, Dr. Thompson had an absolute privilege to communicate with the administrators at UMHS, the medical school to which Plaintiff was applying.  *See Schechet v. Kesten*, 3 Mich. App. 126, 133-134; 141 N.W.2d 641 (1966) (holding that a letter was absolutely privileged where it was written by the defendant, a hospital administrator, in response to a request from the plaintiff, a surgeon, that the

defendant specify the charges which caused him to decide to subject the plaintiff to supervision during surgery).

Stated more simply, because Dr. Thompson was protected by an absolute privilege in sending the letter to UMHS, she cannot be held liable.  Although Plaintiff states that Dr. Thompson published the letter "with knowledge of the falsity of the statements" or in "reckless disregard of the truth" (PageID#88, ¶320), such allegations of malice are entirely irrelevant to the application of an absolute privilege. *See Oesterle*, 272 Mich. App. at 264.  The single dispositive point is that at Plaintiff's request, Dr. Thompson provided a brief summary to UMHS regarding Plaintiff's matriculation through CMU's program along with an explanation of his current status as student (*i.e.*, that he had withdrawn before a final decision on his academic progress could be made).  (**Exhibit A**).  Dr. Thompson's statements were not only true and correct, they were also undeniably within the scope of the information that Plaintiff requested Dr. Thompson to provide to UMHS.  Thus, the factual allegations in the Complaint conclusively establish that the absolute privilege exists; accordingly, Plaintiff has failed to state a claim for defamation.[1]

---

[1] The Complaint inexplicably alleges that Dr. Thompson "falsely informed" UMHS that Plaintiff failed courses, struggled with the curriculum at CMU, and that he repeated Year 2 (PageID#55, ¶204); yet, Plaintiff fully admits that all of those facts are true in other places in the Complaint.  (PageID#20-22, 33, 36, 40 ¶¶77, 79, 83, 124, 136, 150).

Furthermore, Plaintiff fails to plead that Dr. Thompson made a statement that was both false **and** defamatory.  While Plaintiff alleges that the letter that Dr. Thompson sent to UMHS contained "false information" (PageID#88, ¶317) and that the letter made "false accusations that Plaintiff failed courses that he, in fact, had passed" (*Id*., ¶319), Plaintiff does not, and cannot, allege that the allegedly false statements were defamatory.

"A communication is defamatory if, considering all the circumstances, it tends to so harm the reputation of another as to lower him in the estimation of the community in or to deter third persons from associating or dealing with him." *Ireland*, 230 Mich. App. at 619.  Here, as noted above, Dr. Thompson's letter to UMHS contained only one small mistake – it stated that after Plaintiff failed the NBS course for a second time in 2017, he struggled in "musculoskeletal/dermal" before deciding to withdraw.  However, the letter should have stated that after Plaintiff failed the NBS course for a second time in 2017, he struggled in "hematology/oncology" before deciding to withdraw.

Considering all of the circumstances, the exact course in which Plaintiff was struggling before he withdrew is not something that "tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Ireland*, 230 Mich. App. at 619.  The point is that Dr. Thompson was truthful and correct when she advised UMHS that

8

Plaintiff struggled academically in the course that he was taking immediately before he withdrew from CMU's College of Medicine. In fact, Plaintiff actually failed the last course that he took immediately before withdrawing. (PageID#51, ¶187). Dr. Thompson merely got the name of the course wrong. Obviously, not every incorrect statement regarding a person constitutes defamation.[2]

Moreover, to determine whether a particular statement is defamatory, it must be read or heard in context. *Ireland*, 230 Mich. App. at 618. In the case at bar, when Dr. Thompson sent her letter, UMHS already had in its possession Plaintiff's transcripts from CMU's College of Medicine.[3] (**Exhibit B**). Anyone reviewing Dr. Thompson's letter in the context in which the letter was provided – *i.e.*, as a submission along with Plaintiff's official transcript – would quickly realize that the course that Plaintiff had actually failed immediately before he withdrew from CMU

---

[2] Rather than actually assert any factual allegations to show that the "false information" in the UMHS letter was defamatory, Plaintiff merely proclaims that Dr. Thomson "submitted a defamatory letter . . . ." (PageID#88, ¶317; *see also* PageID#205). Such "[t]hreadbare recitals of the elements of a cause of action," supported by only conclusory statements, do not state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 570.

[3] On April 25, 2018, Plaintiff forwarded to Dr. Thompson an e-mail from Brittany McDonnell, the Associate Director of Applicant Services for the University of Medicine & Health Sciences, in which Ms. McDonnell explained what information Dr. Thompson's should provide. (**Exhibit B**). The e-mail from Ms. McDonnell that Plaintiff forwarded to Dr. Thompson was part of a longer chain of emails between Plaintiff and Ms. McDonnell, which included an e-mail from earlier in the day on April 25, 2018 (at 3:09 p.m.) in which Ms. Donnell confirmed that UMHS had received, among other things, Plaintiff's College of Medicine transcript. (*Id.*)

was hematology/oncology and not musculoskeletal/dermal.  Thus, when the context of Dr. Thompson's letter is considered, her mistaken reference to the musculoskeletal/dermal course cannot possibly be considered defamatory.

Finally, Plaintiff has not alleged that he suffered any damages as a result Dr. Thompson sending the letter to UMHS.  Instead, Plaintiff merely states an incorrect legal conclusion: he contends that Dr. Thompson's statements were "defamation per se."  (PageID#89, ¶322).  Under Michigan common law, and as codified in M.C.L. §600.2911(1), words imputing a lack of chastity or the commission of a crime constitute defamation per se.  *Burden v. Elias Brothers Big Boy Restaurants*, 240 Mich. App. 723, 728; 613 N.W.2d 378 (2000).  Defamation per se is actionable even in the absence of actual or special damages, and the plaintiff may bring a civil action to recover at least nominal damages.  *Id*.

However, when the statements at issue do not constitute defamation per se, as in the case bar, the plaintiff must allege facts to show the existence of special harm caused by the publication (defamation per quod).  *Ireland*, 230 Mich. App. at 614.  Clearly, Plaintiff does not allege that he was accused of being unchaste or having committed a crime when he contends that Dr. Thompson misidentified the name of the course in which he was struggling immediately before he withdrew.  In short, because Plaintiff has failed to include any facts in his Complaint to demonstrate that

he suffered special damages, he has failed to plead a claim for defamation.  *Twombly*, 550 U.S. at 570.

**B.      Plaintiff Fails to State Any Other Claim against Dr. Thompson.**

The remaining allegations in the Complaint do nothing to state a claim against Dr. Thompson.[4]  The only other meaningful allegation in the Complaint regarding Dr. Thompson is that she set up an ad hoc committee that reviewed and overturned the SPCC's decision to academically dismiss Plaintiff.  (PageID#50, ¶185).  Plainly, no cognizable claim exists against Dr. Thompson because she set up an ad hoc committee to allow a student further appeal of his academic dismissal, and thereby to provided procedural due process that went far beyond the amount required by the Constitution.  Dr. Thompson should be dismissed as a party pursuant to Fed. R. Civ. P. 12(b)(6).

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Tina Thompson respectfully requests that this Honorable Court GRANT her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and that the Court enter an Order that dismisses Count XII (Defamation)

---

[4] By bringing this motion on the issues presented, Dr. Thompson does not waive, and expressly reserves, her right to assert other defenses and, if necessary, to make further arguments at a later time regarding those defenses, including but not limited to qualified immunity, governmental immunity, and sovereign immunity.

from the Complaint with prejudice and that further dismisses her as a Defendant from this lawsuit with prejudice.

*Respectfully submitted,*

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendants

Dated: May 16, 2019        By*: /s/ Michael E. Cavanaugh*
                                                  Michael E. Cavanaugh (P11744)
                                                  Ryan K. Kauffman (P65357)

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Cyril Hall served electronically.

*/s/ Michael E. Cavanaugh*
Michael E. Cavanaugh (P11744)