UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**VINCENT BERRY**,

     Plaintiff,

v

**CENTRAL MICHIGAN UNIVERSITY,
CENTRAL MICHIGAN UNIVERSITY
MEDICAL SCHOOL, MARK DESANTIS,
MARIE C. MATTE, BRIAN SLENSKI,
TINA THOMPSON, LINDA PERKOWSKI,
DANIEL GRIFFIN, MARC SPENCER, JAMIE
ALAN, ROBERT PETERSON, JULLIEN
ROSSIGNOL, SANDRA HOWELL,** and
**GEORGE KIKANO**,

     Defendants.

Case No. 2:19-cv-10306-TGB-SDD

Hon.   Terrence G. Berg
Magistrate Judge Stephanie Dawkins Davis

---

| | |
|---|---|
| Cyril C. Hall (P29121) | Michael E. Cavanaugh (P11744) |
| Lamont D. Satchel (P52647) | Ryan K. Kauffman (P65357) |
| Hall Makled, P.C. | Fraser Trebilcock Davis & Dunlap, P.C. |
| At0torneys for Plaintiff | Attorneys for Defendants |
| 23756 Michigan Avenue | 124 W. Allegan, Suite 1000 |
| Suite 300 | Lansing, MI  48933 |
| Dearborn, MI 48124 | (517) 482-5800 |
| (313) 788-8888 | mcavanaugh@fraserlawfirm.com |
| Cyrilhalllaw@sbcglobal.net | rkauffman@fraserlawfirm.com |
| satchel@hallmakled.com | |

---

## DEFENDANT CMU'S MOTION TO DISMISS

NOW COMES Defendant Central Michigan University Board of Trustees ("CMU"), by and through its attorneys Fraser Trebilcock Davis & Dunlap, P.C., and for its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) states as follows:

1.     The Defendants in this matter have contemporaneously filed various motions to dismiss.  For a better understanding of these various motions, CMU respectfully suggests that the Court review the three motions to dismiss that have been filed by Defendants Howell, Slenski, Kikano, Rossignol, Alan, Petersen, and Thompson before reviewing CMU's motion.

2.     For the reasons discussed in greater detail in the brief supporting this motion, which are incorporated herein by reference, several of the claims that Plaintiff Vincent Berry has asserted against CMU should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

3.     Defendant CMU, through their undersigned attorney, conferred, primarily through e-mail communication during the period of April 30, 2019 through May 15, 2019, with Plaintiff's attorney to seek concurrence from Plaintiff's attorney in this motion as required by E.D. Mich. L.R. 7.1(a).  However, after Defendant CMU's attorney explained the nature of this motion, its legal basis, and the equitable relief sought, concurrence was denied.

WHEREFORE, Defendant Central Michigan University Board of Trustees respectfully requests that this Honorable Court GRANT its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and that the Court enter an order that does the following:

- Dismiss the non-entity "Central Michigan University Medical School"

2

- Dismiss the §1983 claims, Counts II, III, IV, and V, pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to the extent the claims are asserted against CMU itself (as opposed to CMU's officials) regardless of the relief sought.

- Dismiss the official-capacity claims, Counts III, IV, pursuant to Fed R. Civ. P. 12(b)(1) to the extent the claims seek monetary relief.

- Dismiss Counts X (PWDCRA), XI (Elliot-Larsen), XIII (Breach of Contract) and XV (Innocent Misrepresentation) in their entirety pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6).

- Dismiss Count XIV (Fraudulent Misrepresentation) pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to the extent it is asserted against CMU.

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendants

Dated: May 16, 2019          By: */s/ Michael E. Cavanaugh*
                                    Michael E. Cavanaugh (P11744)
                                    Ryan K. Kauffman (P65357)

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Cyril Hall served electronically.

*/s/ Michael E. Cavanaugh*
Michael E. Cavanaugh (P11744)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

**VINCENT BERRY**,

     Plaintiff,

v

**CENTRAL MICHIGAN UNIVERSITY,
CENTRAL MICHIGAN UNIVERSITY
MEDICAL SCHOOL, MARK DESANTIS,
MARIE C. MATTE, BRIAN SLENSKI,
TINA THOMPSON, LINDA PERKOWSKI,
DANIEL GRIFFIN, MARC SPENCER, JAMIE
ALAN, ROBERT PETERSEN, JULIEN
ROSSIGNOL, SANDRA HOWELL,** and
**GEORGE KIKANO**,

     Defendants.

Case No. 2:19-cv-10306-TGB-SDD

Hon.   Terrence G. Berg
Magistrate Judge Stephanie Dawkins Davis

---

| | |
|---|---|
| Cyril C. Hall (P29121) | Michael E. Cavanaugh (P11744) |
| Lamont D. Satchel (P52647) | Ryan K. Kauffman (P65357) |
| Hall Makled, P.C. | Fraser Trebilcock Davis & Dunlap, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 23756 Michigan Avenue | 124 W. Allegan, Suite 1000 |
| Suite 300 | Lansing, MI  48933 |
| Dearborn, MI 48124 | (517) 482-5800 |
| (313) 788-8888 | mcavanaugh@fraserlawfirm.com |
| Cyrilhalllaw@sbcglobal.net | rkauffman@fraserlawfirm.com |
| satchel@hallmakled.com | |

---

# DEFENDANT CENTRAL MICHIGAN UNIVERSITY BOARD OF TRUSTEES' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Fraser Trebilcock LAWYERS

## <u>TABLE OF CONTENTS</u>

LIST OF AUTHORITIES.......................................................................... ii

STATEMENT OF FACTS ........................................................................1

STANDARD OF REVIEW .......................................................................1

LEGAL ARGUMENT...............................................................................2

    I.     Plaintiff has Mistakenly Named "Central Michigan University" and "Central Michigan University Medical School" as Defendants rather than the Central Michigan University Board of Trustees. ...................................................................................2

    II.    CMU is Entitled to Immunity under the Eleventh Amendment. ..........3

          A.    Plaintiff's claims under 42 U.S.C. §1983...................................6

          B.    Plaintiff's state-law statutory claims ........................................10

          C.    Plaintiff's breach of contract and misrepresentation claims. .................................................................................13

          D.    Plaintiff's federal-law statutory claims .....................................16

CONCLUSION........................................................................................18

# LIST OF AUTHORITIES

**Cases**

*Alexander v. Sandoval*, 532 U.S. 275; 121 S.Ct. 1511 (2001) ...............................17

*Angel v. Kentucky*, 314 F.3d 262 (6th Cir. 2002) ......................................................1

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235 (2006) ...............................1

*Ashcroft v. Iqbal*, 566 U.S. 662; 129 S. Ct. 1937; 173 L.Ed.2d 868 (2009) .............2

*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d
        929 (2007)................................................................................................................2

*Edelman v. Jordan*, 415 U.S. 651; 94 S.Ct. 1347 (1974) .........................................4

*Ewing v. Board of Regents of University of Michigan*, 552 F.Supp. 881 (E.D.
        Mich., 1982)...........................................................................................................6

*Ex parte Young*, 209 U.S. 123; 28 S.Ct 441 (1908)...........................................9, 11

*Franks v. Kentucky School for the Deaf*, 142 F.3d 360 (6th Cir. 1998).................17

*Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958 (6th Cir. 2002)................2

*Hall v. Medical College of Ohio*, 742 F.2d 299 (6th Cir. 1984).........................4, 19

*Hans v. Louisiana*, 134 U.S. 1; 10 S.Ct. 504; 33 L.Ed. 842 (1890) .........................4

*Heike v. Guevara*, 654 F. Supp. 2d 658 (E.D. Mich. 2009) .......................6, 7, 9, 12

*Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ..........7

*Kovacevich v. Kent State Univ.,* 224 F.3d 806 (6th Cir. 2000) ................................6

*Lambert v. Bd. of Trustees of the Univ. of Ala.*, Case No. 2:18-cv-1112 (N.D.
        Ala., January 28, 2019)..........................................................................................9

*Long v. Richardson*, 525 F.2d 74 (6th Cir. 1975)...............................................4, 11

*Nihiser v. Ohio E.P.A.*, 296 F.3d 626 (6th Cir. 2001) ...........................................18

*Paquin v. Northern Michigan University*, 79 Mich.App. 605; 262 N.W.2d 672
        (1977)......................................................................................................................5

*Pennhurst State School & Hosp v Halderman*, 465 U.S. 89; 104 S.Ct. 900 (1984) ................................................................................................. 11

*Popovich v. Cuyahoga County Ct. of Common Pleas, Dom. Rel. Div.*, 227 F.3d 627 (6th Cir. 2000) (*reh'g granted and opinion vacated on other grounds* Dec. 12, 2000) ........................................................................ 16

*Quern v. Jordan*, 440 U.S. 332; 99 S.Ct. 1139 (1979) ............................................. 7

*Rainey v. Wayne State University*, 26 F.Supp.2d 973 (E.D. Mich., 1998) ............... 6

*Seminole Tribe of Florida v Florida*, 517 U.S. 44; 116 S.Ct. 1114 (1996) ............ 17

*U.S. Fidelity and Guaranty Co. v. Black*, 412 Mich. 99; 3113 NW2d 77 (1981) ................................................................................................................ 15

*United Carolina Bank v. Board of Regents of Stephen Austin State University*, 665 F.2d 553 (5th Cir. 1982) ........................................................... 4

*White v. Engler*, 198 F.Supp.2d 730 (E.D. Mich, 2001) ........................................ 17

*Will v. Michigan Dep't of State Police*, 491 U.S. 58; 109 S.Ct. 2304; 105 L.Ed.2d 45 (1989) ................................................................... 4, 7, 8, 9

**Statutes**

29 U.S.C. §794(a) ............................................................... 12, 16, 17, 18

42 U.S.C. §2000d ............................................................................ 16, 17, 18

42 U.S.C. §2000d-7(a)(1) .............................................................................. 16

M.C.L. §37.1402 .......................................................................................... 12

M.C.L. §37.1605 .......................................................................................... 10

M.C.L. §37.1607 .......................................................................................... 10

M.C.L. §37.2010 .......................................................................................... 11

M.C.L. §37.2301 .......................................................................................... 13

M.C.L. §37.2401 .......................................................................................... 13

M.C.L. §37.2402(a) ...................................................................................... 13

Fraser Trebilcock

M.C.L. §37.2402(b) ................................................................................13

M.C.L. §37.2804 ....................................................................................11

M.C.L. §37.801(1) ..................................................................................11

M.C.L. §37.801(2) ..................................................................................11

M.C.L. §390.551 ......................................................................................2

M.C.L. §390.555 ..................................................................................3, 5

M.C.L. §600.6419 ....................................................................................5

**Other Authorities**

Act No. 453 of the Public Acts of 1976........................................11, 12, 13

**Rules**

Fed. R. Civ. P. 12(b)(1)...................................................... passim

Fed. R. Civ. P. 12(b)(6)...................................................... passim

Fed. R. Civ. P. 56 ..................................................................18

**Constitutional Provisions**

Eleventh Amendment........................................................ passim

Fourteenth Amendment ...............................................6, 7, 17

Mich. Const. 1963, art 8, §4 ...............................................2, 5

Mich. Const. 1963, art 8, §6 ..................................................2

iv

## STATEMENT OF FACTS

Defendant Central Michigan University Board of Trustees ("CMU") incorporates by reference the Statement of Facts provided in the Brief in Support of Motion to Dismiss that has been contemporaneously filed by Defendants Slenski, Howell, and Kikano.  CMU believes that review of that motion and brief, will provide background information that will be helpful in reviewing the present motion. It may also be helpful to the Court to review the motion to dismiss, and brief in support, that has been filed by Defendants Rossignol, Alan and Petersen, as well as the motion to dismiss, and brief in support, that has been filed by Defendant Thompson before reviewing CMU's motion and brief.

## STANDARD OF REVIEW

CMU brings this motion to dismiss several of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on Eleventh Amendment immunity and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  A motion under Fed. R. Civ. P. 12(b)(1) can be brought any time.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506; 126 S.Ct. 1235 (2006).  Generally, when a defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction.  *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002).  However, when a defendant raises the defense of Eleventh Amendment immunity, the defendant has the burden to show that it is entitled to

1

immunity.  *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 963 (6th Cir. 2002).

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678; 129 S. Ct. 1937; 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007)). A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 566 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## **LEGAL ARGUMENT**

I.  **Plaintiff has Mistakenly Named "Central Michigan University" and "Central Michigan University Medical School" as Defendants rather than the "Central Michigan University Board of Trustees**."

Pursuant to M.C.L. §390.551 and Mich. Const. 1963, art 8, §§4 and 6, CMU is governed by a board of control, a constitutional body corporate whose members are appointed by the Governor of the State of Michigan.  Plaintiffs who wish to bring

suit against CMU are required to bring suit against Central Michigan University Board of Trustees, which has been given the authority by the legislature to sue and to be sued. *See* M.C.L. §390.555.

In the case at bar, Plaintiff has erroneously named "Central Michigan University" as a Defendant in this matter rather than the "Central Michigan University Board of Trustees." Plaintiff has also erroneously named "Central Michigan University Medical School," which is not a separate legal entity capable of being sued. The College of Medicine is merely a college within CMU. The proper Defendant remains "Central Michigan University Board of Trustees." This is the one and only entity Defendant in this matter.

To the extent Plaintiff has mistakenly named "Central Michigan University Medical School," that non-entity Defendant should be dismissed. To the extent that Plaintiff has erroneously named "Central Michigan University" the Court should enter an order to correct the caption to reflect that Plaintiff has actually sued the "Central Michigan University Board of Trustees."

**II. CMU is Entitled to Immunity under the Eleventh Amendment**.

Central Michigan University Board of Trustees (hereinafter "CMU") is an arm of the State of Michigan, and as such, it is entitled to immunity under the Eleventh Amendment. The Supreme Court has held that the Eleventh Amendment prevents suit in federal court by a citizen against his own state. *Hans v. Louisiana*, 134 U.S.

1; 10 S.Ct. 504; 33 L.Ed. 842 (1890). Sovereign immunity under the Eleventh Amendment shields the state, a state agency, as well as a state official sued in his or her official capacity from suit for monetary damages or retrospective relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71; 109 S.Ct. 2304; 105 L.Ed.2d 45 (1989).  A state university is generally considered an "arm of the state," and the Eleventh Amendment prevents suits for monetary damages against it.  *Hall v. Medical College of Ohio*, 742 F.2d 299 (6th Cir. 1984) ; *United Carolina Bank v. Board of Regents of Stephen Austin State University*, 665 F.2d 553, 557 (5th Cir. 1982).

As the Sixth Circuit has held, "suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."  *See also Long v. Richardson*, 525 F.2d 74, 75 (6th Cir. 1975) (quoting *Edelman v. Jordan*, 415 U.S. 651; 94 S.Ct. 1347, 1356 (1974)).  In *Long*, former law students at Memphis State University brought an action in federal district court seeking a money judgment for out-of-state tuition fees paid by them while they were in school. Their complaint was filed under 42 U.S.C. §1983 asserting violations of the equal protection and due process.  The Court concluded that the suit was barred by the Eleventh Amendment because there had never been a "clear waiver" of sovereign immunity by the State of Tennessee. *Id*. at 79.

Similarly, with Michigan's universities (especially CMU and the other universities created by the Michigan Constitution), there has been no waiver of Eleventh Amendment immunity. CMU is a university created by Michigan's Constitution and it receives its financial support from the State of Michigan. *See* Mich. Const. 1963, art 8, §4.[1] CMU and the three other regional universities (Western Michigan, Eastern Michigan, and Northern Michigan) are deemed "state instrumentalities" under state law. *See Paquin v. Northern Michigan University*, 79 Mich.App. 605, 608-610; 262 N.W.2d 672 (1977) (holding that claims brought in state court against Northern Michigan University must be brought in the court of claims pursuant to M.C.L. §600.6419).

Importantly, the Michigan Legislature has specifically limited suits against CMU and the state's other regional universities to suits in state court, thereby explicitly preserving Eleventh Amendment immunity from suit in federal court. *See* M.C.L. §390.555. In relevant part, M.C.L. §390.555 states:

> A board of control is a body politic and corporate. It may purchase, have, hold, possess and enjoy to itself and its successors all the real and personal property of every kind now belonging to its respective institution or hereafter acquired by it and may grant, alien, invest, sell and dispose of the same; may sue and be sued, plead and be impleaded **in all the courts in this state**; and may have, alter and use a seal.

---

[1] Mich. Const. 1963, art 8, §4 states:
"The legislature shall appropriate moneys to maintain . . . Central Michigan University . . . The legislature shall be given an annual accounting of all income and expenditures by each of these educational institutions . . . ."

*Id*. (emphasis added).

Furthermore, a number of federal court decisions have recognized that the Eleventh Amendment bars suits against Michigan's universities.  *See e.g. Heike v. Guevara*, 654 F.Supp.2d 658, 669-670 (E.D. Mich. 2009); *Rainey v. Wayne State University*, 26 F.Supp.2d 973, 976 (E.D. Mich., 1998); *Ewing v. Board of Regents of University of Michigan*, 552 F.Supp. 881, 883 (E.D. Mich., 1982).

Simply put, because CMU is an "arm of the state," and because Michigan has not waived immunity under the Eleventh Amendment with regard to suits brought against CMU, Plaintiff's claims against CMU are barred to the extent that the state's sovereign immunity has not been otherwise abrogated.  Congress, of course, may abrogate a state's sovereign immunity under the Eleventh Amendment through its exercise of authority under Section 5 of the Fourteenth Amendment.  *Kovacevich v. Kent State Univ.,* 224 F.3d 806, 817 (6th Cir. 2000).  Consequently, with this basic framework in mind, it is necessary to review each of Plaintiff's fifteen counts to determine which claims are barred by the Eleventh Amendment.

**A.      Plaintiff's claims under 42 U.S.C. §1983.**

Plaintiff asserts four counts under 42 U.S.C. §1983: Count II (Substantive Due Process); Count III (Equal Protection); Count IV (Conduct that Shocks the Conscience); and Count V (Procedural Due Process).  (Doc. 1, PageID#58-68).  The

6

Substantive Due Process and Procedural Due Process claims are asserted against all Defendants, which presumably includes CMU.[2]  (PageID#58).

Conversely, Count III (Equal Protection) and Count IV (Conduct that Shocks the Conscience) are asserted against the Defendants in their "Official Capacit[ies]." (PageID#61 and 63).  A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  *Will*, 491 U.S. at 71.  As such, it is no different from a suit against the State itself.  *Id*. (citing *Kentucky v. Graham,* 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3104-3105, 87 L.Ed.2d 114 (1985) ).

It is well settled that Congress did **not** abrogate Eleventh Amendment immunity for suits brought against a state under 42 U.S.C. §1983.  *See Will, supra*; *see also Heike,* 654 F.Supp.2d at 669-670.  In *Will,* the United States Supreme Court held:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under §5 of the Fourteenth Amendment to override that immunity. That Congress, in passing §1983 had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect was made clear in our decision in *Quern v. Jordan,* 440 U.S. 332; 99 S.Ct. 1139 (1979).

---

[2] The Procedural Due Process Claim is actually silent regarding the Defendants against whom it is asserted, but refers to "Defendants" (plural) throughout the count. (Doc. 1, PageID#66-67).

491 U.S. at 66 (some citations omitted).

The Court in *Will* further held that neither the state nor state officials acting in their official capacity are "persons" within the meaning of 42 U.S.C. §1983 when the plaintiff seeks money damages:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.

*Id*. at 71  (citations omitted).[3]

Based on the foregoing, Plaintiff's §1983 claims should be dismissed to the extent that the claims are asserted directly against CMU (as opposed to its officials). CMU is an arm of the State of Michigan.  Moreover, Michigan has not waived CMU's immunity under the Eleventh Amendment, and Congress has not abrogated that immunity.  Consequently, Count II (Substantive Due Process) and Count V (Procedural Due Process) – at least to the extent that those two claims have been

---

[3] In *Will*, the plaintiff brought an action under 42 U.S.C. §1983 against the Michigan Department of State Police and the Department's director in state court.  Because the action had been brought in state court, it was not barred by the Eleventh Amendment. Nevertheless, the Supreme Court reasoned that because Congress did not intend to abrogate Eleventh Amendment immunity with 42 U.S.C. §1983, it did not intend to include the states within the statute's definition of "person," and thus states could not be sued under §1983 even in state court. *Will*, 491 U.S. at 66.

asserted against CMU – should be dismissed pursuant to Fed R. Civ. P. 12(b)(1). [4]

Further, because CMU is not a "person" within the meaning of §1983, Plaintiff has

failed to state a claim upon which relief can be granted, so those two counts should

also be dismissed against CMU pursuant to Fed. R. Civ. P. 12(b)(6).  *Will*, 491 U.S.

at 69-71 and *Heike* 654 F.Supp.2d at 671-672; *see also Lambert v. Bd. of Trustees

of the Univ. of Ala*., Case No. 2:18-cv-1112 (N.D. Ala., January 28, 2019).

The two §1983 claims that Plaintiff has pleaded as official-capacity claims

(*i.e.*, Counts III and IV) present a slightly different analysis.  Although these claims

are no different from a suit against the State itself, the Supreme Court has recognized

that a state official in his or her official capacity, when sued for injunctive relief, is

a person under §1983 because official-capacity actions for prospective relief are not

treated as actions against the State under *Ex parte Young*.[5]  *Will*, 491 U.S. at 71, n.

10.  The distinction is commonplace in sovereign immunity doctrine.  *Id*. (citation

admitted).  Accordingly, Plaintiff's official-capacity § 1983 claims (*i.e.*, Counts III

---

[4] To the extent these two counts are also asserted against the individual Defendants in their individual capacities, the claims are not subject to CMU's Motion to Dismiss; however, in three separate motions, Defendants Slenski, Howell, Kikano, Rossignol, Alan, Petersen and Thompson have sought to have the §1983 claims and all other claims against them dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  In addition, the §1983 claims will be subject to future challenges by any remaining individual Defendants based on qualified immunity.

[5] *Ex parte Young*, 209 U.S. 123; 28 S.Ct 441 (1908).

and IV) survive only to the extent that they seek prospective or injunctive relief.[6]  To the extent Plaintiff seeks money damages from CMU or its officials with those counts, the claims should be dismissed.[7]  *Will*, 491 U.S. at 71.

## B. Plaintiff's state-law statutory claims

Plaintiff also asserts two state-law statutory claims against CMU, Count X (Michigan's Persons with Disabilities Civil Rights Act "PWDCRA") and Count XI (Michigan's Elliott-Larsen Civil Rights Act). (PageID#79-85).  These claims should be dismissed entirely.

The State of Michigan has not waived its immunity under the Eleventh Amendment with regard to claims filed against the state under either the PWDCRA or Elliott-Larsen.  In relevant part, M.C.L. §37.1607 provides that "[t]his act shall not diminish the right of a person to seek direct and immediate legal or equitable remedies in the **courts of this state**."  *Id.*  (emphasis added).  In addition, M.C.L. §37.1605 provides that a "complaint alleging an act prohibited by this act shall be subject to the same procedures as a complaint alleging an unfair employment practice under [the Elliott-Larsen Civil Rights Act] Act No. 453 of the Public Acts

---

[6] The official-capacity claims, however, are redundant and completely unnecessary because Plaintiff has already pleaded claims directly against CMU under Title VI and §504.  Consequently, there is no need for official-capacity claims.

[7] In Counts III and IV Plaintiff seeks money damages and injunctive relief of reinstatement into the medical school program at an appropriate grade/cohort level. (Doc. 1, PageID#63 and 65).

of 1976, as amended, being §37.2101 to §37.2804 of the Michigan Compiled Laws."

M.C.L. §37.801(2), in turn, provides that an action commenced pursuant to

§37.801(1) may be brought "in the circuit court where the alleged violation occurred,

or for the county where the person against whom the civil complaint is filed resides

or has his principal place of business." *Id*.

Stated more simply, there is no provision anywhere within the PWDCRA or

the Elliott-Larsen Civil Rights Act to indicate that the State of Michigan has waived

Eleventh Amendment immunity by consenting to suit in federal court.  Because

Michigan has not consented to being sued in federal court for alleged violations of

PWDCRA, Counts X and XI should be dismissed.[8]  See *Long*, 525 F.2d at 75.

Moreover, Plaintiff cannot assert official capacities claims against CMU for

alleged violations of the PWDCRA or Elliott-Larsen.  The exception to Eleventh

Amendment immunity that permits a plaintiff to file suit for injunctive relief against

an individual defendant in his or her official capacity, as recognized by *Ex parte*

*Young*, applies **only** with regard to alleged violations of federal law.  *See Pennhurst*

*State School & Hosp v Halderman*, 465 U.S. 89, 105-106; 104 S.Ct. 900 (1984).  In

*Pennhurst*, the Court explained that allowing suits against states for prospective

injunctive relief is justified as to federal claims "to permit the federal courts to

---

[8] Obviously, Congress did not abrogate CMU's Eleventh Amendment immunity with
the PWDCRA or Elliott-Larsen Civil Rights Act because those are not federal laws.

vindicate federal rights" and to hold state officials responsible to the supreme authority of the United States; however, the need to reconcile such competing interest is "wholly absent" when a plaintiff alleges that a state official has violated state law. *Id*. Thus, *Ex parte Young* exception does not apply to alleged violations of state law. *Heike*, 654 F.Supp.2d at 671.

It is also important to note that Plaintiff has pleaded his claims under PWDCRA and Elliott-Larsen against CMU **only** and does not assert those claims against the individual Defendants in their individual capacities. With regard to the PWDCRA, Plaintiff alleges that "[p]ursuant to M.C.L. §37.1402, Defendant CMU/CMED is prohibited from denying Plaintiff admission and continued enrollment in medical school because of his "disabilities" and that as a "result of Defendant CMED/CMU's unlawful discrimination, Plaintiff has been damaged in an amount exceeding $25,000." (PageID#82, ¶¶298-299). Plaintiff's claimed "disabilities" are his alleged "uncontrollable anxiety" and "panic attacks" (PageID#43, ¶161), and the alleged discrimination by CMU is the fact that the room in which Plaintiff took his GI final exam was somehow not quiet enough.[9] (PageID#48, ¶178).

---

[9] These allegations, together with the most vague allegations of national-origin discrimination, appear to be the primary thrust behind Plaintiff's lawsuit. At least these allegations appear to be the basis of Plaintiff's Title IV and Section 504 claims. It is nearly impossible to discern which allegations Plaintiff relies upon in support of his other claims.

Plaintiff also limits his Elliott-Larsen claim to CMU. He alleges that CMU is an "educational institution" as defined by M.C.L. §37.2401, and that CMU is a "place of public accommodation" and "a public service" under M.C.L. §37.2301. (PageID#84, ¶¶304-305). Plaintiff further basis his alleged violations of Elliott-Larsen on M.C.L. §37.2402(a) and (b) (PageID#84, ¶308), which provides that an "educational institution" shall not discriminate against or exclude an individual because of religion, race, national origin or sex.

In short, Plaintiff asserts his claims under the PWDCRA and Elliott-Larsen against CMU, but those claims are barred by the Eleventh Amendment to the extent Plaintiff seeks either monetary **or** injunctive relief. Therefore, Counts X and XI should be dismissed from the Complaint in their entirety pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[10]

### C. Plaintiff's breach of contract and misrepresentation claims.

With Counts XIII, XIV and XV, Plaintiff asserts claims of breach of contract, fraudulent misrepresentation, and innocent misrepresentation respectively.

---

[10] In addition to these state-law statutory claims, Plaintiff also pleads three state-law torts: Count VII (Intentional Infliction of Emotional Distress); Count VIII (Negligence) and Count IX (Gross Negligence). These three counts are asserted against the "Individual Defendants" only and are not asserted against CMU. (PageID#71, 73, 75). A fourth state-law tort claim, Count XII (Defamation) is pleaded against Defendant Tina Thompson only. As such, none of these claims are subject to CMU's Motion to Dismiss. However, all individual Defendants have sought to dismiss these counts in their own separately-filed motions to dismiss.

(PageID#90-96).   The breach of contract claim is asserted against CMU only. (PageID#90).   The claim is barred by the Eleventh Amendment, so Count XIII should be dismissed in its entirety pursuant to Fed. R. Civ P. 12(b)(1) and 12(b)(6).

The claim for fraudulent misrepresentation is asserted against CMU and its "Agents." (PageID#92).  To the extent the claim is asserted against CMU, the claim is barred by the Eleventh Amendment.   To the extent the claim is asserted against CMU's "Agents" – who are presumably the individual Defendants – the claim is addressed in a separate motion to dismiss that has been contemporaneously filed by Defendants DeSantis, Griffin, Perkowski and Spencer.

The Complaint indicates that the claim for innocent misrepresentation is also asserted against CMU and its "Agents." (PageID#95).  However, because the claim for innocent misrepresentation is, in fact, asserted against CMU only, the entire claim should be dismissed.

With regard to his innocent misrepresentation claim, Plaintiff alleges that "Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiff and Defendants." (PageID#95, ¶ 339).  In addition, Plaintiff alleges that he "would not have entered into the contract for acceptance into CMED if Defendant had not made the representations" and that Plaintiff suffered "substantial economic loss as a result of entering into the contract . . . " (*Id*., ¶¶ 340-41).  Stated otherwise, Plaintiff vaguely

14

alleges that unidentified misrepresentations that were made by some unnamed Defendants caused him to enter into a "contract" to attend medical school at CMU and that he suffered damages as a result of entering into that contract.

However, to establish a claim for innocent misrepresentation, the plaintiff must show, among other things, that the injury suffered by him inured to the benefit of the misrepresenter. *U.S. Fidelity and Guaranty Co. v. Black*, 412 Mich. 99, 118-19; 3113 NW2d 77 (1981). As such, "it is necessary to show that not only does the victim suffer injury, but also the injury must inure to the misrepresenter's benefit." *Id*. at 118.

In this case, there is no allegation anywhere in the Complaint that the benefit from Plaintiff's "contract" – *i.e.*, his enrollment in medical school – inured to the benefit of any of the individual Defendants. Obviously, none of the individual Defendants received any portion of Plaintiff's tuition payments; nor, were the individual Defendants paid any type of commission for securing Plaintiff's enrollment in Central Michigan University's medical school.[11] If any benefit inured to a Defendant from Plaintiff's "contract" that benefit inured to CMU. However, as explained above the Eleventh Amendment bars Plaintiff from bringing such a claim against CMU in federal court. Therefore, Plaintiff's innocent representation claim

---

[11] Plaintiff also fails to allege that any individual Defendant made a representation that was false and that actually deceived Plaintiff, which are further elements for a viable claim for innocent misrepresentation. See *Black*, 412 Mich at 114.

should be dismissed from the Complaint in its entirety pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6).

### D.    Plaintiff's federal-law statutory claims

In Count I of the Complaint, Plaintiff asserts a claim for alleged violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, and in Count VI, Plaintiff asserts a claim for alleged violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794(a).  CMU does not seek to dismiss either of these claims with its present motion.

As explained above, Congress may validly abrogate a state's Eleventh Amendment immunity.  Determining whether Congress has abrogated a state's Eleventh Amendment immunity involves a two-step inquiry: (1) whether Congress unequivocally expressed its intent to abrogate the immunity; and (2) if it did, whether Congress acted pursuant to a valid grant of constitutional authority.  *Popovich v. Cuyahoga County Ct. of Common Pleas, Dom. Rel. Div.*, 227 F.3d 627, 633-34 (6th Cir. 2000) (*reh'g granted and opinion vacated on other grounds* Dec. 12, 2000).

As to the first question, Congress stated its intent to abrogate Eleventh Amendment for Title VI claims with 42 U.S.C. §2000d-7(a)(1), which states as follows:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of

1975, title VI of the Civil Rights Act of 1964 [42 U.S.C. §2*000d et. seq*.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

In addition, Congress acted pursuant to a valid grant of constitutional authority in abrogating Eleventh Amendment immunity for Title VI claims. *White v. Engler*, 198 F.Supp.2d 730, 740 (E.D. Mich, 2001) (citing *Franks v. Kentucky School for the Deaf*, 142 F.3d 360, 363 (6th Cir. 1998). Section 5 of the Fourteenth Amendment is, of course, the only constitutional provision that grants Congress the power to abrogate a state's sovereign immunity. *Seminole Tribe of Florida v Florida*, 517 U.S. 44, 59; 116 S.Ct. 1114 (1996). The relevant question is whether Congress actually had the authority to adopt the legislation at issue pursuant to Section 5 of the Fourteenth Amendment, not whether Congress correctly guessed the source of its authority. *Franks*, 142 F.3d at 363. Hence, as long as Congress had such authority as an objective matter, whether it also had the specific intent to legislate pursuant to that authority is irrelevant. *Id*. With regard to claims brought under Title VI, Congress did have such authority. *Alexander v. Sandoval*, 532 U.S. 275, 279-280; 121 S.Ct. 1511 (2001).

With regard to Plaintiff's claims under §504, the Rehabilitation Act raises issues of waiver because the Act applies only to entities "receiving federal assistance." 29 U.S.C. §794(a). The Sixth Circuit has held that sovereign immunity does not apply to claims brought under the Rehabilitation Act because a violation of

that statute requires a state defendant to have received federal funding, so the state waives its Eleventh Amendment immunity with regard to those claims when it accepts federal funds. *Nihiser v. Ohio E.P.A*., 296 F.3d 626, 628 (6th Cir. 2001).

In short, Plaintiff's federal-law statutory claims are not yet ripe for dismissal. Nevertheless, CMU remains confident that Plaintiff's Title VI and §504 claims will not survive summary judgment. The claims are entirely without merit, and after some discovery, CMU and any individual Defendants that remain will bring a motion for summary judgment pursuant to Fed. R. Civ. P. 56 to dispose of those claims (as well as any other surviving claim) at that time.[12]

## **CONCLUSION**

For the foregoing reasons, Defendant Central Michigan University Board of Trustees ("CMU") respectfully requests that this Honorable Court GRANT its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and that the Court enter an order that does the following:

- Dismiss the non-entity "Central Michigan University Medical School"

- Dismiss Counts II, III, IV, V pursuant  to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to the extent the claims are asserted against CMU regardless of the relief sought.

---

[12] In addition, by bringing the present motion CMU does not waive, and expressly reserves, all of its affirmative Defenses, including but not limited to qualified immunity, governmental immunity, sovereign immunity, or any other immunity recognized under the law.

- Dismiss the official-capacity claims, Counts III, IV, pursuant to Fed R. Civ. P. 12(b)(1) to the extent the claims seek monetary relief.

- Dismiss Counts X, XI, XIII and XV in their entirety pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6).

- Dismiss Count XIV pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6) to the extent it is asserted against CMU.

*Respectfully submitted,*

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendants

Dated: May 16, 2019          By: */s/ Michael E. Cavanaugh*
                                       Michael E. Cavanaugh (P11744)
                                       Ryan K. Kauffman (P65357)

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Cyril Hall served electronically.

*/s/ Michael E. Cavanaugh*
Michael E. Cavanaugh (P11744)

19