UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VINCENT BERRY**,

    Plaintiff,

v

**CENTRAL MICHIGAN UNIVERSITY, CENTRAL MICHIGAN UNIVERSITY MEDICAL SCHOOL, MARK DESANTIS, MARIE C. MATTE, BRIAN SLENSKI, TINA THOMPSON, LINDA PERKOWSKI, DANIEL GRIFFIN, MARC SPENCER, JAMIE ALAN, ROBERT PETERSON, JULLIEN ROSSIGNOL, SANDRA HOWELL,** and **GEORGE KIKANO**,

    Defendants.

Case No. 2:19-cv-10306-TGB-SDD

Hon.   Terrence G. Berg
Magistrate Judge Stephanie Dawkins Davis

| | |
|---|---|
| Cyril C. Hall (P29121) | Michael E. Cavanaugh (P11744) |
| Lamont D. Satchel (P52647) | Ryan K. Kauffman (P65357) |
| Hall Makled, P.C. | Fraser Trebilcock Davis & Dunlap, P.C. |
| At0torneys for Plaintiff | Attorneys for Defendants |
| 23756 Michigan Avenue | 124 W. Allegan, Suite 1000 |
| Suite 300 | Lansing, MI  48933 |
| Dearborn, MI 48124 | (517) 482-5800 |
| (313) 788-8888 | mcavanaugh@fraserlawfirm.com |
| Cyrilhalllaw@sbcglobal.net | rkauffman@fraserlawfirm.com |
| satchel@hallmakled.com | |

# DEFENDANT DESANTIS, GRIFFIN, PERKOWSKI, AND SPENCER'S MOTION TO DISMISS

    NOW COME Defendants Dr. Mark DeSantis, Dr. Daniel Griffin, Dr. Linda Perkowski and Dr. Marc Spencer, and for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) state as follows:

1. The Defendants in this matter have contemporaneously filed various motions to dismiss. For a better understanding of these various motions, Defendants DeSantis, Griffin, Perkowski and Spencer respectively suggest that the Court review all of the other motions to dismiss before reviewing the present motion.

2. For the reasons discussed in greater detail in the brief supporting this motion, which are incorporated herein by reference, several of the claims that Plaintiff Vincent Berry has asserted should be dismissed pursuant to Fed. R. 12(b)(6).

3. Defendants, through their undersigned attorney, conferred, primarily through e-mail communication during the period of April 30, 2019 through May 15, 2019, with Plaintiff's attorney to seek concurrence from Plaintiff's attorney in this motion as required by E.D. Mich. L.R. 7.1(a). However, after Defendants' attorney explained the nature of this motion, its legal basis, and the equitable relief sought, concurrence was denied.

WHEREFORE, Defendant Dr. Mark DeSantis, Dr. Daniel Griffin, Dr. Linda Perkowski and Dr. Marc Spencer respectfully requests that this Honorable Court GRANT their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and enter an order that dismisses the following claims from the Complaint: Count VII (Intentional Infliction of Emotional Distress); Count VIII (Negligence); Count IX (Gross Negligence); Count XIV (Fraudulent Misrepresentation).

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendants

Dated: May 16, 2019      By: */s/ Michael E. Cavanaugh*
                                      Michael E. Cavanaugh (P11744)
                                      Ryan K. Kauffman (P65357)

## CERTIFICATE OF SERVICE

    I hereby certify that on May 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Cyril Hall served electronically.

                                           */s/ Michael E. Cavanaugh*
                                           Michael E. Cavanaugh (P11744)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VINCENT BERRY**,

    Plaintiff,

v

**CENTRAL MICHIGAN UNIVERSITY,**
**CENTRAL MICHIGAN UNIVERSITY**
**MEDICAL SCHOOL, MARK DESANTIS,**
**MARIE C. MATTE, BRIAN SLENSKI,**
**TINA THOMPSON, LINDA PERKOWSKI,**
**DANIEL GRIFFIN, MARC SPENCER, JAMIE**
**ALAN, ROBERT PETERSON, JULLIEN**
**ROSSIGNOL, SANDRA HOWELL,** and
**GEORGE KIKANO,**

    Defendants.

Case No. 2:19-cv-10306-TGB-SDD

Hon.  Terrence G. Berg
Magistrate Judge Stephanie
Dawkins Davis

| | |
|---|---|
| Cyril C. Hall (P29121) | Michael E. Cavanaugh (P11744) |
| Lamont D. Satchel (P52647) | Ryan K. Kauffman (P65357) |
| Hall Makled, P.C. | Fraser Trebilcock Davis & Dunlap, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 23756 Michigan Avenue | 124 W. Allegan, Suite 1000 |
| Suite 300 | Lansing, MI  48933 |
| Dearborn, MI 48124 | (517) 482-5800 |
| (313) 788-8888 | mcavanaugh@fraserlawfirm.com |
| Cyrilhalllaw@sbcglobal.net | rkauffman@fraserlawfirm.com |
| satchel@hallmakled.com | |

**DEFENDANTS DESANTIS, GRIFFIN, PERKOWSKI AND SPENCER'S**
**BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

# **TABLE OF CONTENTS**

LIST OF AUTHORITIES ................................................................................... ii

STATEMENT OF FACTS .................................................................................. 1

STANDARD OF REVIEW ................................................................................. 2

LEGAL ARGUMENT ......................................................................................... 3

    A.    The Claim for Intentional Infliction of Emotional Distress Should be Dismissed. ............................................................................. 3

    B.    The Claim for Gross Negligence Should be Dismissed ......................... 5

    C.    The Claim for Fraudulent Misrepresentation Should be Dismissed ................................................................................................ 6

CONCLUSION .................................................................................................. 11

# LIST OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 566 U.S. 662; 129 S. Ct. 1937; 173 L.Ed.2d 868 (2009) .....2, 5, 7

*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007)................................................................................................2, 7, 8

*D.E.&J Ltd. Partnership v. Conaway*, 284 F.Supp.2d 719 (E.D. Mich. 2003).......10

*Doe v. Mills*, 212 Mich. App. 73; 536 N.W.2d 824 (1995)....................................3, 4

*Graham v. Ford*, 237 Mich. App. 670; 604 N.W.2d. 713 (1999) .........................3, 4

*Hetes v. Schefman & Miller Law Office*, 152 Mich. App. 117; 393 N.W.2d 577 (1986).................................................................................................4

*Mack v. City of Detroit*, 467 Mich. 186; 649 N.W.2d 47 (2002) ...............................6

*Novak v. Nationwide Mut. Ins. Co.*, 235 Mich App 675; 599 NW2d 546 (1999) ..................................................................................................................8

*Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 638 F.3d 239 (6th Cir. 2012) ......................................................................................................7, 8

*Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594; 374 N.W.2d 905 (1985).............4

*Ward v. Michigan State University* (On Remand), 287 Mich. App. 76; 782 N.W.2d 514 (2010)..................................................................................6

**Statutes**

42 U.S.C. §1983................................................................................................2

M.C.L. §691.1407(2) .......................................................................................5

**Rules**

Fed. R. Civ. P. 12(b) .........................................................................................7

Fed. R. Civ. P. 12(b)(1)...................................................................................11

Fed. R. Civ. P. 12(b)(6).......................................................................... passim

Fed. R. Civ. P. 9(b) ....................................................................................................7

**Other Authorities**

Restatement Torts, 2d, §46 ......................................................................................4

iii

## STATEMENT OF FACTS

Defendants DeSantis, Griffin, Perkowski and Spencer incorporate by reference the Statement of Facts provided in the Brief in Support of Motion to Dismiss that has been contemporaneously filed by Defendants Slenski, Howell, and Kikano.[1] Defendants DeSantis, Griffin, Perkowski and Spencer respectfully request that the Court review their motion last among the several motions to dismiss that have been filed by the various Defendants in this matter.[2]

With regard to Drs. DeSantis, Griffin, Perkowski and Spencer, the Complaint alleges that each one of these four Defendants acted with discriminatory animus with regard to his/her treatment of Plaintiff and/or that their conduct otherwise deviated from CMU's policies. Those allegations are completely false and entirely meritless.

Nevertheless, Defendants recognize that for purposes of the present motion, the Court is required to accept Plaintiff's allegations as true. Accordingly, these

---

[1] Defendant Dr. Catherine Matte is the only Defendant who has not joined in any of the motions to dismiss that have been filed in this matter because Plaintiff has not yet served Dr. Matte.

[2] The Complaint alleges that Dr. Mark DeSantis and Dr. Marc Spencer were two of the instructors at the medical school who administered Plaintiff's anatomy lab practical examinations. (PageID#3-4, 14, 27, ¶¶6, 12, 57, 100). According to the Compliant, Dr. Linda Perkowski was, at all relevant times, the "Senior Associate Dean" for the College of Medicine, and she handled Plaintiff's appeal after he failed the NBS and GI courses for the first time in the fall of 2016. (PageID#34-35, ¶130). The Complaint further alleges that Dr. Daniel Griffin was, at all relevant times, the "Assistant Dean of Foundational Sciences Education and Year 1-2 Director," and that he handled Plaintiff's appeal after Plaintiff failed the NBS and GI courses for a second time. (PageID#48, ¶177).

Defendants do not currently seek to dismiss the individual-capacity claims that are brought under 42 U.S.C. §1983 (*i.e.*, Counts II and V) to the extent that Plaintiff has asserted those claims against them.³  Instead, with the present motion, these Defendants seek to dismiss three state-law claims that Plaintiff has failed to adequately plead against them: Count VII (Intentional Infliction of Emotional Distress), Count IX (Gross Negligence) and Count XIV (Fraudulent Misrepresentation).

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678; 129 S. Ct. 1937; 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp*. v. *Twombly*, 550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007)). A claim has "facial plausibility" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action,

---

³ These Defendants remain confident that they will be entitled to summary judgment after some discovery.  Defendants anticipate that their motion for summary judgment will be based on, among other things, qualified immunity as well as other defenses. By bringing the present motion these Defendants do not waive, and expressly reserve, all of their affirmative Defenses, including but not limited to qualified immunity, governmental immunity, sovereign immunity, or any other immunity recognized under the law.

2

supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## LEGAL ARGUMENT

### A. The Claim for Intentional Infliction of Emotional Distress Should be Dismissed.

In order to invoke the tort of intentional infliction of emotional distress, a plaintiff must establish (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. *Graham v. Ford*, 237 Mich. App. 670, 674; 604 N.W.2d. 713 (1999). Liability for the intentional infliction of emotional distress has been found **only** where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Doe v. Mills*, 212 Mich. App. 73, 91; 536 N.W.2d 824 (1995).

Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id.* Moreover, it is not enough that the defendant has acted with an intent that is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602-

3

603; 374 N.W.2d 905 (1985) (citing Restatement Torts, 2d, §46, comment d, pp. 72-73). In reviewing a claim of intentional infliction of emotional distress, courts must determine whether the defendant's conduct is sufficiently unreasonable as to be regarded as extreme and outrageous. *Doe*, 212 Mich. App. at 92. The test is whether "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Roberts*, 422 Mich. at 603.

In the case at bar, there are simply no factual allegations anywhere in the Complaint that satisfy the burden for pleading a claim for intentional infliction of emotional distress. At most, Plaintiff claims that one or more of the Defendants discriminated against him (*e.g.*, PageID# 16, ¶64; Page#18, ¶70; Page#27, ¶100; Page#34-35, ¶130; and Page#47-48, ¶¶175-177) or that they otherwise engaged in insults, indignities, annoyances, or other trivialities (PageID#16-19, ¶¶65-67, 69, 71). Michigan courts routinely reject such claims for intentional infliction of emotional distress when they are based on nothing more than ordinary allegations of discrimination as they are here. See e.g., *Graham*, 237 Mich. App. at 675; *Hetes v. Schefman & Miller Law Office*, 152 Mich. App. 117, 122; 393 N.W.2d 577 (1986).

Because Plaintiff has failed to plead sufficient facts to assert a claim of intentional infliction of emotional distress against Drs. DeSantis, Griffin, Perkowski and Spencer (and because Plaintiff fails to assert the claim against any other

4

Defendant), Count VII should be dismissed from the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). See *Iqbal*, 566 U.S. at 678 (the mere recital of the elements of a cause of action is insufficient to plead a claim upon which relief can be granted).

### B. The Claim for Gross Negligence Should be Dismissed

The Claim for Gross Negligence should be dismissed from the Complaint in its entirety because Drs. DeSantis, Griffin, Perkowski and Spencer are entitled to governmental immunity under M.C.L. §691.1407(2).

In relevant part, M.C.L. §691.1407(2), provides that each employee of a governmental agency is immune from tort liability for any injury or property damage caused by the employee while in the course of his employment if the following conditions are met:

(a) The employee is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The employee's conduct does not amount to gross negligence that is the proximate cause of the plaintiff's injury or damage. *Id.*

In the case at bar, all three conditions have been met, so Drs. DeSantis, Griffin, Perkowski and Spencer are entitled to governmental immunity. The Complaint alleges that each Defendant made some academic decision while employed by CMU. Consequently, there is no dispute that each one was acting within the scope of her

5

or his authority and that she or he was engaged in the exercise or discharge of a governmental function.[4]

Simply put, a plaintiff has an obligation to plead in avoidance of governmental immunity. *Mack v. City of Detroit*, 467 Mich. 186, 193; 649 N.W.2d 47 (2002). However, in the case at bar, Plaintiff has failed to do so. Instead, Plaintiff merely alleges that unnamed "Defendants" (plural) were "grossly negligent, as set forth herein [by] failing to adhere and follow [CMU's] policies, practice guidelines and requirements . . . ." (PageID#77, ¶276). Plaintiff does not make any effort to allege what specific conduct by which Defendant constitutes gross negligence. Therefore, the Complaint fails to plead in avoidance of governmental immunity with regard to any individual Defendant, and Count IX should be dismissed from the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).[5]

C.   **The Claim for Fraudulent Misrepresentation Should be Dismissed**

Plaintiff pleads his claim for fraudulent misrepresentation against CMU and its "Agents," which presumably includes the individual Defendants. (PageID#92).

---

[4] University operations constitute a governmental function. *Ward v. Michigan State University* (On Remand), 287 Mich. App. 76, 84-85; 782 N.W.2d 514 (2010).

[5] The Complaint also fails to plead in avoidance of governmental immunity with regard to the negligence claim (Count VIII). The negligence claim does not assert gross negligence against Defendants (PageID#74, ¶266). Count VIII should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons explained in the motion to dismiss that was filed by Defendants Rossignol, Alan, and Petersen.

6

As explained below, the claim fails to satisfy the heightened pleading standards imposed by Fed. R. Civ. P. 9(b).

Because claims based on fraud pose "a high risk of abusive litigation," a party making such allegations must state with particularity the circumstances constituting the fraud as required by Fed. R. Civ. P. 9(b). *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 638 F.3d 239, 247 (6th Cir. 2012) (quoting *Twombly*, 550 U.S. at 569, n. 14; 127 S.Ct. 1955). This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent. *Republic Bank*, 638 F.3d at 247. Although "conditions of a person's mind may be alleged generally," (Fed. R. Civ. P. 9(b)), the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation "plausible on its face." *Republic Bank*, 638 F.3d at 247 (citing *Iqbal*, 129 S.Ct. at 1949).

In the case at bar, Plaintiff has failed to satisfy this heightened pleading standard. Instead, Plaintiff merely alleges that some unidentified "Defendants" (plural) "made false representations of material facts" to him regarding the "consistent application" of, among other things, CMU's grading policy, curriculum practices, examination policies, and remediation practices. (PageID#93, ¶331). Plaintiff then states by rote the remaining elements of fraudulent misrepresentation

7

claim – *i.e.*, that the Defendants' representations were false when they were made, that Defendants knew their representations were false, and that they intended that Plaintiff would rely on the representations.[6] (PageID#93, ¶¶332-334).

However, there are **no** facts in the Complaint that even remotely support these baseless allegations. Certainly, Plaintiff does not include facts regarding when and where the statements were supposedly made and/or explain what made the statements fraudulent. See *Republic Bank*, 638 F.3d at 247. "Threadbare recitals of the elements of a cause of action," supported by only conclusory statements, do not state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 570.

Furthermore, Plaintiff's allegation that he "relied" on Defendants' misrepresentations by enrolling and funding his medical school education (PageID#94, ¶335) is actually belied by the other allegations in the Complaint. Indeed, as the Complaint makes abundantly clear, every time that Plaintiff struggled academically, the Defendants gave him opportunities get back on track. Plaintiff was simply unwilling or unable to meet the academic requirements in order to successfully remediate his failing grades.

---

[6] The elements for a claim of fraudulent misrepresentation are as follows: (1) the defendant made a material representation, (2) the representation was false, (3) when making the representation, the defendant knew or should have known it was false, (4) the defendant made the representation with the intention that the plaintiff would act upon it, and (5) the plaintiff acted upon it and suffered damages as a result. *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich App 675, 688; 599 NW2d 546 (1999).

8

For example, Plaintiff contends that when he failed the NBS course for the first time in October, 2016 (which marked the beginning of Plaintiff's academic troubles), he was allowed to retake the final exam but he was required to score 70% on the anatomy portion of the exam – a requirement that Plaintiff claims was "[c]ontrary to CMED and CMU policy, practices [and] protocol . . . ." (PageID#23, ¶87). However, Plaintiff does not, and cannot, allege that any Defendant misrepresented some fact to him which then caused him to unsuccessfully attempt to pass the retake examination. Rather, Plaintiff admits that he was fully informed that he would be required to obtain 70% on the anatomy portion of the retake exam in order to successfully remediate the course. (PageID#23, ¶88).

Likewise, Plaintiff's allegations about the format of the NBS retake exam do nothing to suggest that he relied on the Defendants' statements in any way whatsoever. Plaintiff complains about the format of the retake exam (which used computer images rather than human cadavers). (PageID#27, ¶102-103). He also complains because the exam was schedule for November 7, 2016, even though he was offered the opportunity to remediate the course in early January, 2017, at end of winter break. (PageID#, ¶¶84-85). However, Plaintiff does not, and cannot, allege that anyone told him that the retake exam would be a different format or occur at a different time, and that he then relied on those statements to his detriment.

9

These deficiencies to Plaintiff's fraudulent misrepresentation claim are repeated throughout the Complaint. After failing the NBS retake exam, Plaintiff was given another opportunity to pass the course by successfully completing a remediation exam. (Page#30, ¶114). Plaintiff again complains about the format and timing of the remediation exam, but he does **not** allege that he was provided incorrect information which somehow caused him to lose the opportunity to take the remediation exam. (PageID#31-32, ¶¶ 119-123). In addition, Plaintiff does not claim that any fraudulent statement caused him to fail the GI exam or to lose his opportunity to appeal his failing course grades. (PageID#33-35, ¶¶ 124, 127 and 132). Stated otherwise, Plaintiff's fraudulent misrepresentation claim is completely inapposite to the factual allegations that are actually asserted.

Perhaps recognizing that his fraudulent misrepresentation claims fall woefully short of Rule 9's heightened pleading standard, Plaintiff is left with the tactic of pleading the claim generally against "Defendants" without indicating any particular Defendant against whom the claim might be asserted. (PageID#93-94, ¶¶331-336). Such group pleading, however, plainly runs afoul of the specificity requirements of Rule 9. *D.E.&J Ltd. Partnership v. Conaway*, 284 F.Supp.2d 719, 730 (E.D. Mich. 2003). Thus, the fraudulent misrepresentation claim (i.e., Count XIV) should be dismissed from the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, and for all the reasons explained in the other motions to dismiss that have been filed in this matter, the Court should dismiss a number of claims and parties pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). In fact, the **only** claims and parties that should survive the various motions to dismiss are as follows:

- Count I (Title VI) and Count VI (§504) which are asserted against CMU only.

- Count II (Substantive Due Process) and Count V (Procedural Due Process) to the extent that these individual-capacity claims are asserted against Drs. DeSantis, Griffin, Perkowski and Spencer only. These two claims should be dismissed to the extent they are asserted against any other party.

- Count III (Equal Protection) and Count IV (Shock the Conscience), the official-capacity claims, but only to the extent those claims seek injunctive or prospective relief.

Other than the above, **all** other claims and all other parties who have filed motions should be dismissed.

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Defendants

Dated: May 16, 2019   By: */s/ Michael E. Cavanaugh*
         Michael E. Cavanaugh (P11744)
         Ryan K. Kauffman (P65357)

11

## CERTIFICATE OF SERVICE

    I hereby certify that on May 16, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Cyril Hall served electronically.

                                              */s/ Michael E. Cavanaugh*
                                              Michael E. Cavanaugh (P11744)