# EXHIBIT A

```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


BAC Home Loans Servicing LP,    :

               Plaintiff,       :   Case No.  2:11-cv-274

     v.                         :   JUDGE GREGORY L. FROST

Fall Oaks Farm LLC, et al.,     :   Magistrate Judge Kemp

          Defendants,           :

     v.                         :

Bank of America Corporation,    :
     et al.,
                                :
          Third-Party
          Defendants.           :
```

## OPINION AND ORDER

Plaintiff BAC Home Loans Servicing, L.P. brought the underlying action in this case, which is an action for default of a promissory note and mortgage foreclosure against Defendants James Moder, Holly Moder, and Hocking County Treasurer Diane Sargent. Mr. and Ms. Moder filed counterclaims against BAC, and Mr. Moder filed a third-party complaint against a number of Third-Party Defendants.

Five of the Third-Party Defendants, Bank of America Corporation ("BANA"), Mortgage Electronic Registration Systems, Inc. ("MERS"), MERSCORP Inc., Ted Cassall, and Shannon Montgomery (collectively the "Moving Defendants"), have filed a motion to dismiss and for a more definite statement. Their motion is directed to Counts One, Two, Three, and Eleven of the Third-Party Complaint. Mr. and Ms. Moder filed a response to these motions.

Only the Motion for a More Definite Statement is being considered in this Order. For the reasons that follow, the

motion for a more definite statement (part of Document No. 34) will be granted in part and denied in part.

## I. The Third-Party Complaint

The allegations relevant to the motion for a more definite statement are set forth below.

Count One alleges mortgage fraud and "wanton abuse against James Moder and the real property described herein." There are six categories of documents and statements at issue in this claim: (a) Plaintiff BAC's Amended Complaint with attachments and all previous pleadings and oral statements made by BAC; (b) a mortgage recorded in Official Records, Volume 406, Page 533, Hocking County Recorder, Logan, Ohio; (c) a mortgage modification agreement with release recorded in Official Records, Volume 423, Page 676, Hocking County Recorder, Logan, Ohio; (d) a mortgage assignment recorded in Official Records, Volume 446, Page 994, Hocking County Recorder, Logan, Ohio; (e) a note dated January 14, 2008 between Taylor Bean & Whitaker Corporation (TB&W) and James Moder in the amount of $170,114; and (f) "correspondence and all other communications to and with James Moder." Five of the six categories of documents and statements described above also reference "the real property described therein." Regarding the documents and statements at issue in Count One, Third-Party Defendants and Plaintiff BAC together are alleged to have taken various actions in order to fraudulently manufacture ownership of "a mortgage lien, negotiable instrument, debt and default payment due Plaintiff" and ultimately to foreclose on the Moders' property and to acquire monies and real property.

Count Two is a claim alleging a conspiracy between the Third-Party Defendants and BAC "to prepare, robosign and record a fraudulent Mortgage Assignment." Mr. Moder alleges that the Mortgage Assignment, which was described in part (d) above, falsely claimed that BAC "purchased a Mortgage recorded in

-2-

Hocking County Official Records Volume 406, Page 533, 'together with the note and indebtedness therein mentioned' from [MERS (one of the Moving Defendants)] acting solely as a nominee for [Third-Party Defendant] Taylor, Bean & Whitaker Mortgage Corporation." Mr. Moder alleges that the Mortgage Assignment at issue was signed by Moving Defendant Ted Cassall and notarized by Moving Defendant Shannon Montgomery, both of whom worked for BAC.

Count Three alleges that Third-Party Defendant Carlisle, McNellie, Rini, Kramer & Ulrich Co., L.P.A. ("Carlisle") "illegally filed an Amended Complaint" and other pleadings against Mr. Moder and that Carlisle has "repeatedly claimed and continues to falsely claim that Plaintiff owns [Mr. Moder's] Note and Mortgage, knowing that Plaintiff does not own [Mr. Moder's] Note and Mortgage or that Plaintiff is entitled to the same." Regarding the alleged illegal filing of the amended complaint and other pleadings, Mr. Moder alleges that Carlisle did so "for Plaintiff in order to facilitate unjust enrichment to Plaintiff by way of distribution from the sale of real property owned or previously owned by Mr. Moder." Mr. Moder then alleges the following facts. The Note dated January 14, 2008 was endorsed in blank by TB&W's Vice President Erla Carter-Shaw, who was not an employee of TB&W approximately two years later on March 29, 2010. The Note to TB&W was transferred to a mortgage-backed security upon closing. The Mortgage was "bifurcated at the closing table from [Mr. Moder's] Note, being recorded in the name of MERS as 'nominee' for TB&W 'lender.'" The Mortgage Assignment, which itself falsely claimed that BAC purchased the Mortgage and Note, was endorsed on March 29, 2010 by MERS Assistant Vice President Ted Cassall. Mr. Moder never paid BAC any money and is not indebted to it. Also, BAC is allegedly not registered in the State of Ohio to purchase or own mortgage loans, defaulted or otherwise.

Count Eleven alleges that conduct alleged in the previous counts was committed with knowledge that there was a substantial probability that it would result in serious harm to Mr. Moder and that such conduct, in fact, proximately caused injury to Mr. Moder including "the substantial risk of illegal confiscation by Third Party Defendants' actions of conspiring with Plaintiff to defraud this Court for a judgment against James Moder for sale of real property owned or previously owned by James Moder, a flawed title prohibiting [Mr. Moder] from use and enjoyment of his property, and expenses in defending against Third Party Defendants' and Plaintiff's false claims."

The Moving Defendants have moved for a more definite statement as to those four counts.

## II. Standard

Fed. R. Civ. P. 12(e) states, in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

A motion for more definite statement "is designed to strike at unintelligibility rather than simple want of detail . . . [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." Jakovich v. Hill, Stonestreet & Co., No. 1:05 CV 2126, 2005 WL 3262953 at *3 (N.D. Ohio Nov.30, 2005)(quoting Scarbrough v. R-Way Furniture Co., 105 F.R.D. 90, 91 (E.D. Wis. 1985)).

Motions for a more definite statement are also not to be used "to obtain statutory citations or legal theories, which need not be provided at the pleading stage." See Becker v. Clermont County Prosecutor, No. 1:07cv511, 2008 WL 2230178, *2 (S.D. Ohio

May 29, 2008) (citations omitted); see also Schwable v. Coates, No. 3:05 CV 7210, 2005 WL 2002360, *1 (N.D. Ohio Aug. 18, 2005) (citations omitted). "[A]ny attempt to use a motion for a more definite statement to tie the pleader down to a particular legal theory of the case will be rejected as contrary to the philosophy of the federal rules, which does not require the claimant to settle upon a theory of his case at the pleading stage." 5A Wright & Miller, Federal Practice and Procedure § 1377.

In light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts. See, e.g., Monsul v. Ohashi Technica U.S.A., Inc., No. 2:08-cv-958, 2009 WL 2430959, *4 (S.D. Ohio Aug. 6, 2009); see also Innovative Digital Equipment, Inc. v. Quantum Technology, Inc., 597 F. Supp. 983, 989 (N.D. Ohio 1984)("Rule 12(e) motions for more definite statement are not to be used as a substitute for discovery").

### III. Discussion

Here, the Moving Defendants seek a more definite statement as to Counts One, Two, Three, and Eleven.

Regarding Count One, the Moving Defendants assert that Mr. Moder does not list any elements of any claim or identify what the cause of action in Count One is and, therefore, they have not been put on notice of the nature of this claim. While Mr. Moder is not required to specify legal theories, he must still include a "short and plain statement of the claim showing that [he] is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure, and this statement must provide the third-party defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In this case, Count One of the Third-Party Complaint alleges "pernicious conduct" involving six categories of documents or statements, the purpose of which was to fraudulently

manufacture ownership of a lien, negotiable instrument, and debt due to BAC.  However, there are no factual allegations in this Count describing what conduct occurred.  There is merely a conclusory allegation of mortgage fraud and "wanton abuse against James Moder and the real property described herein," and a list of documents and statements involved.  Because the allegations of Count One do not answer the basic question "what happened?" the allegations are unintelligible, at least in terms of allowing the Moving Defendants to understand the basic nature of the claim and to prepare an appropriate response.  The motion for a more definite statement will be granted as to Count One.

    The Moving Defendants' only argument as to Count Two is that it may or may not be duplicative of Count Ten.  That is not a proper basis for a motion for a more definite statement.  Count Two is not so vague or ambiguous that it would be unreasonable to require Moving Defendants to frame a responsive pleading.  The motion for a more definite statement will be denied as to Count Two.

    The Moving Defendants argue that Count Three is unintelligible because, similar to Count One, it is not clear what claim is being asserted.  While perhaps it is not clear what Mr. Moder's legal theory is, his allegations do describe the claim and conduct at issue.  Mr. Moder alleges that Third-Party Carlisle "illegally filed an Amended Complaint and precedent pleadings . . . in order to facilitate unjust enrichment to Plaintiff by way of distribution from the sale of real property . . . and has repeatedly claimed and continues to falsely claim that Plaintiff owns [Mr. Moder's] Note and Mortgage" while knowing those claims to be false.  The remaining allegations appear to be an attempt to explain why Carlisle's claims are untrue, and in particular why BAC does not legally own or have the entitlement to enforce the Note or Mortgage at issue.  The

Moving Defendants do not argue that any specific facts alleged are unintelligible or vague or ambiguous. Rather, they argue that it is unclear whether particular allegations are claims or elements of claims. Count Three is not so vague or ambiguous that it would be unreasonable to require Moving Defendants to frame a responsive pleading. The motion for a more definite statement will be denied as to Count Three.

Finally, the Moving Defendants argue that Count Eleven lacks any causes of action or the factual bases for those causes of action and that they cannot decipher what relief Mr. Moder seeks in this Count. Count Eleven describes the conduct at issue as "above-described conduct." There are ten preceding Counts alleging several different types of conduct. Accordingly, the phrase "above-described conduct" is ambiguous to a degree that it would be unreasonable to require Moving Defendants to frame a responsive pleading. The motion for a more definite statement will be granted as to Count Eleven.

## IV. Order

For the reasons set forth above, the motion for a more definite statement (#34, part 2) is granted in part and denied in part. Defendant and Third-Party Plaintiff James Moder shall file a more definite statement of the claims pleaded in Counts One and Eleven of the Third-Party Complaint within fourteen days of the date of this Order.

## V. Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

                                              /s/ Terence P. Kemp
                                              United States Magistrate Judge