UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **VINCENT BERRY**, <br><br> Plaintiff, <br><br> vs. <br><br> **CENTRAL MICHIGAN UNIVERSITY**, et al., <br><br> Defendants. | 2:19-CV-10306-TGB <br><br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

This matter is before the Court on Defendants' Motion to Dismiss With Prejudice pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 22. For the reasons stated herein, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

**I. Background**

Plaintiff filed his complaint in this matter on January 31, 2019 against Central Michigan University, the Central Michigan University Medical School, the Dean of the Medical School and several other professors and administrators. ECF No. 1. Thereafter, on May 16, 2019, Defendants filed five separate motions to dismiss, (ECF Nos. 3-7), a motion for more definite statement, (ECF No. 8) and a motion to reassign this case to the Northern Division (ECF No. 9). By stipulation, the parties

1

agreed Plaintiff would respond to the motions by June 27, 2019. ECF No. 14. Three days before Plaintiff was due to respond, on June 24, 2019, Plaintiff's counsel filed a motion to withdraw. ECF No. 16. The Court granted the motion to withdraw (ECF No. 17) and directed Plaintiff to find new counsel by August 9, 2019. On August 23, 2019, having received no notification of an appearance of counsel, the Court ordered Plaintiff to Show Cause, in writing, why this matter should not be dismissed for failure to prosecute, warning Plaintiff that failure to respond may result in dismissal. ECF No. 20. In response, Plaintiff sought an extension of time to secure an attorney. ECF No. 21. The Court granted Plaintiff's extension and ordered Plaintiff to obtain a new attorney or notify the Court that he intends to proceed without an attorney on or before November 1, 2019. The first of November came and went, and Plaintiff took no further action in this case.

On November 5, 2019, Defendants filed a Motion to Dismiss with Prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 22. Plaintiff neither responded nor sought an extension to respond to Defendants' motion. On December 4, 2019, the Court ordered Plaintiff for a second time to show cause why this matter should not be dismissed for failure to prosecute. ECF No. 23. The Court noted that at that time eight motions were pending on the docket, that the motions were unopposed, and that the time for response had passed. Indeed, seven of these motions have gone unopposed since they were filed

on May 16, 2019. *See* ECF Nos. 3-9. The Court again warned Plaintiff that a failure to respond would result in dismissal. A written response was due from Plaintiff by December 11, 2019, but Plaintiff has taken no further action.

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 41(b), the Court is authorized to dismiss a case for want of prosecution if "the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). E.D. Mich. L.R. 41.2 likewise permits the Court, on its own motion and after reasonable notice or an application of a party, to enter an order dismissing a case unless good cause is shown. Whether to grant a motion to dismiss pursuant to Rule 41(b) is left to the discretion of the trial court. *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

**III. Analysis**

When contemplating dismissal of an action under Rule 41(b), a court will consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). "Typically, none of the factors is outcome dispositive[.]" *McNaughton v.*

*Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009). When deciding whether to dismiss a case for want of prosecution, courts must consider competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). In the case of a *pro se* litigant, the Court "must take into consideration the difficulty an individual faces in bringing forward their case without the benefit of legal representation." *McNaughton*, 2009 WL 4646029, at *2 (internal quotation marks and citations omitted). "Nonetheless, because defendants are entitled 'to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines.'" *Id.* (quoting *Bunting v. Hansen,* No. 05-10116, 2007 WL 1582236, at *2 (E.D. Mich. 2007)); *see also Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, 2018 WL 1124133, at *6 (6th Cir. 2018) ("When a pro se plaintiff has 'failed to adhere to readily comprehended court deadlines of which he [is] well-aware,' a Rule 41(b) dismissal is appropriate.") (quoting (*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Dismissal "is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Carver*

4

v. *Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Regarding the first *Mulbah* factor, "a finding of fault in this context requires evidence that the plaintiff intended to 'thwart' the judicial proceedings or had a 'reckless disregard' for the effect that his conduct would have on the case." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 739 (6th Cir. 2008). Here, Plaintiff is at fault for failing to respond to the Court's extension of time to obtain a new attorney or notify the Court he intends to proceed *pro se* by November 1, 2019, for failing to respond to Defendants' motion to dismiss pursuant to Rule 41(b) (ECF No. 22) and failing to respond to the Court's second order to show cause (ECF No. 23). *See McNaughton*, 2009 WL 4646029, at *2 ("[T]his *pro se* plaintiff is clearly at fault for not complying with the scheduling order of July 13, 2009, not requesting any extension of time for filing her motion for summary judgment, and not complying with the show cause order of September 15, 2009."); *see also Schafer*, 529 F.3d at 739 ("Here, Schafer did not violate any court orders while pursuing his claims against the defendants. That distinguishes him from the plaintiff in *Harmon* [*v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)], who was found to have acted in bad faith because he did not respond to court-ordered discovery requests for several months.").

As for the second factor, "[t]he key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d]

time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 739 (second and third alterations in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Here, Defendants have identified prejudice. Defendants are at least somewhat prejudiced by Plaintiff's failure to respond to the Court's November 1 extension, as it resulted in Defendants filing its subsequent November 5 motion to dismiss pursuant to Rule 41(b). Additionally, Plaintiff's complaint against Defendants allege discrimination on the basis of color, national origin, sex, religion and race, and accuse Defendants of "improper, unethical and illegal practices." ECF No. 1, Page ID.7, 15-20, 32. Such allegations in the academic community, as Defendants note, are quite serious, and Defendants should not be expected to continue to be at the ready to defend a matter that Plaintiff has seemingly abandoned.

The third factor weighs heavily against Plaintiff as he has been warned of the possibility of dismissal by *two* show cause orders. Indeed, when the Court issued its first order to show cause for failure to prosecute on August 23, 2019—as seven pending motions were filed by Defendants on May 16, 2019, and Plaintiff's prior counsel withdrew on June 24, 2019—it also granted Plaintiff an extension until November 1, 2019, to obtain alternate counsel or notify the Court of his intention to proceed *pro see*. Plaintiff failed to file a notification with the Court of his response. And when Defendants filed their motion to dismiss on November 5, 2019,

Plaintiff again failed to respond in a timely fashion, request an extension, or file an untimely response to the November 1 extension. Finally, Plaintiff failed to respond to this Court's second order to show cause by December 11, 2019. Local Rule 41.2 authorizes dismissal when "the parties have taken no action for a reasonable time." According to the docket, Plaintiff has not filed anything with the Court since September 13, 2019, when he requested his extension to find alternate counsel. The Court believes this period of inaction meets that threshold.

As for the fourth factor, a Court's dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the Court's dismissal order states otherwise. The Court believes dismissal without prejudice is an appropriate lesser sanction to dismissal with prejudice given the circumstances described above.

**IV. Conclusion**

At this juncture, where eight pending motions are on the docket, seven of which have gone unanswered for over seven months, and the Court has provided Plaintiff ample opportunity to provide the Court with

a good cause explanation for inactivity, the Court **HEREBY ORDERS** this matter **DISMISSED WITHOUT PREJUDICE.**

DATED: December 30, 2019.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge